# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO
# CANTON DIVISION

| | |
|---|---|
| LEROY E. NORRIS<br><br>     Plaintiff,<br><br>v.<br><br>ENHANCED RECOVERY COMPANY, LLC<br><br>     Defendant. | CIVIL ACTION<br><br>COMPLAINT 5:21-cv-02058<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

**NOW COMES** Leroy E. Norris ("Plaintiff"), by and through his undersigned attorney, complaining as to the conduct of Enhanced Recovery Company, LLC. ("Defendant") as follows:

### NATURE OF THE ACTION

1. Plaintiff brings this action seeking redress for violations of the Fair Debt Collection Practices Act ("FDCPA") pursuant to 15 U.S.C. §1692, *et seq*.

### JURISDICTION AND VENUE

2. Subject matter jurisdiction is conferred upon this Court by the FDCPA and 28 U.S.C. §§1331 and 1337, as the action arises under the laws of the United States.

3. Venue is proper in this Court pursuant to 28 U.S.C. §1391 as Defendant conducts business in the Northern District of Ohio, and a substantial portion of the events or omissions giving rise to the claims occurred within the Northern District of Ohio.

### PARTIES

4. Plaintiff is a natural person over 18-years-of-age who is a "consumer" as the term is defined by 15 U.S.C §1692a.

1

5. Defendant is a debt collection agency with its headquarters located at 8014 Bayberry, Jacksonville, Florida 32256. Defendant's primary business purpose is collecting or attempting to collect, directly or indirectly, defaulted consumer debts owed or due or asserted to be owed or due to others using the mail and telephone, including consumers in the State of Texas.

**FACTS SUPPORTING CAUSE OF ACTION**

6. Prior to this action giving rise, Plaintiff incurred a debt with AT&T for $139.00 ("subject debt").

7. Due to financial hardship, Plaintiff was unable to sustain timely payments and defaulted on the subject debt.

8. Sometime thereafter, Defendant acquired the right to collect on the subject debt after Plaintiff's default.

9. In mid-2021, Defendant began placing collection calls to Plaintiff's cellular telephone number (330) XXX-4921 attempting to collect on the debt.

10. In or around June 2021, Defendant called Plaintiff and requested payment. Plaintiff then notified Defendant to *"stop"* calling and to mail him documents regarding the debt for his validation.

11. Subsequently thereafter, Plaintiff received another call from Defendant requesting payment and Plaintiff asked about the documents he had requested.

12. Defendant then notified Plaintiff that I will continue to call until payment is made on your account. Plaintiff again demanded that Defendant stop calling and hung up.

13. Despite Defendant's acknowledgment of Plaintiff's cease request, Defendant continued to place collection calls to Plaintiff's cellular phone without his prior consent.

14. Notwithstanding Plaintiff's repeated requests for Defendant to stop calling him, Defendant placed numerous harassing phone calls to Plaintiff's cellular including October 28, 2021 and the present day.

15. Plaintiff's request fell on deaf ears again and Defendant continued placing harassing collections calls to Plaintiff (including pre-recorded messages), including, but not limited to, calls from the phone numbers: (888) 701-1750, (888) 701-1789, (888) 701-1783 and (888) 701-1835.

16. Defendant intentionally harassed and abused Plaintiff on numerous occasions by calling multiple times in one day, and on back to back days, with such frequency as can be reasonably be expected to harass.

## DAMAGES

17. Defendant's harassing phone calls have severely disrupted Plaintiff's daily life and general well-being.

18. Plaintiff has expended time consulting with his attorneys as a result of Defendant's harassing collection efforts.

19. Defendant's phone harassment campaign and illegal collection activities have caused Plaintiff actual harm, including but not limited to, invasion of privacy, nuisance, intrusion upon and occupation of Plaintiff's cellular telephone capacity, wasting Plaintiff's time, harassment, emotional distress, anxiety, and loss of concentration,

20. Concerned about the violations of his rights and invasion of his privacy, Plaintiff sought the assistance of counsel to permanently cease Defendant's collection efforts, incurring costs and expenses speaking with his attorneys.

## COUNT I – VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT

21. Plaintiff restates and realleges paragraphs 1 through 20 as though fully set forth herein.

22. Defendant is a "debt collector" as defined by §1692a(6) because it regularly collects debts and uses the mail and/or the telephones to collect delinquent accounts allegedly owed to a third party.

23. Defendant used the phone to attempt to collect the subject debt and, as such, engaged in "communications" as defined in FDCPA §1692a(2).

24. Defendant violated 15 U.S.C. §§ 1692c(a)(1), d, d(5), f through its unlawful debt collection practices.

   a. **Violations of FDCPA § 1692c**

25. Defendant violated §1692c(a)(1) when it continuously called Plaintiff after being notified to stop on numerous separate occasions. This repeated behavior of systematically calling Plaintiff's cellular phone over and over after he demanded that it cease contacting him was harassing and abusive. Even after being told to stop contacting him, Defendant continued its onslaught of phone calls with the specific goal of oppressing and abusing Plaintiff into paying the subject debt.

26. Furthermore, Defendant has relentlessly called Plaintiff on numerous occasions. This volume of calls shows that Defendant willfully ignored Plaintiff's pleas with the goal of annoying and harassing him.

27. Defendant was notified by Plaintiff that the calls were not welcomed. As such, Defendant knew its conduct was inconvenient and harassing to him.

   b. **Violations of FDCPA § 1692d**

28. Defendant violated §1692d by engaging in abusive, harassing, and oppressive conduct by relentlessly calling Plaintiff's cellular phone seeking immediate payment on the subject debt.

29. Defendant violated §1692d(5) by causing Plaintiff's cellular phone to ring repeatedly and continuously in an attempt to engage Plaintiff in conversations regarding the collection of the subject debt with the intent to annoy, abuse, or harass Plaintiff. Specifically, Defendant placed or caused to be placed numerous harassing phone calls to Plaintiff's cellular phone without Plaintiff's consent.

    c. **Violations of FDCPA § 1692f**

30. Defendant violated §1692f when it used unfair and unconscionable means to collect the subject debt. However, Defendant continued to call Plaintiff without his consent. Defendant's unconscionable behavior was done in an effort to dragoon Plaintiff into paying the subject debt. Defendant knew that it did not provide proper notification via mail within five days of its initial communication with Plaintiff.

    **WHEREFORE**, LEROY E. NORRIS, respectfully requests that this Honorable Court:

a. Declare that the practices complained of herein are unlawful and violate the aforementioned statute;
b. Award Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
c. Award Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
d. Award any other relief as the Honorable Court deems just and proper.

**Plaintiff demands trial by jury.**


Dated: October 30, 2021                            Respectfully Submitted,

                                                  /s/ Marwan R. Daher
                                                  Marwan R. Daher, Esq.
                                                  Sulaiman Law Group, Ltd.
                                                  2500 South Highland Avenue, Suite 200

Lombard, IL 60148
Telephone: (630) 575-8181
mdaher@sulaimanlaw.com
*Counsel for Plaintiff*

Case: 5:21-cv-02058-BYP  Doc #: 1  Filed: 10/30/21  6 of 6.  PageID #: 6